■ SUNOCO, INC., et al., Appellants-Respondents, v HOME INSURANCE COMPANY, Respondent-Appellant. [749 NYS2d 872] —Order, Supreme Court, New York County (Jane Solomon, J.), entered October 17, 2001, which denied defendant's motion to dismiss the action as barred by the doctrine of res judicata, but granted the motion to dismiss on the alternative ground of forum non conveniens, unanimously modified, on the facts and in the exercise of discretion, to provide that dismissal of the action is to be conditioned upon defendant's stipulation to the tolling of the statutory period for the time this action was pending in New York, and otherwise affirmed, without costs.

Defendant's motion to dismiss, insofar as predicated on the doctrine of res judicata, was properly denied since there is no final judgment on the merits against plaintiffs in the unsuccessful federal action brought by Brown & Root against defen-

dant claimed by defendant to be preclusive of the instant litigation. Plaintiffs sought to join the federal action as parties plaintiff, but their motion was denied, and defendant has not met its burden to demonstrate that plaintiffs were in privity with Brown & Root (*cf. Buechel v Bain*, 97 NY2d 295, *cert denied* 535 US 1096).

However, inasmuch as the record indicates that the action concerns events, companies and witnesses situated in Pennsylvania, and otherwise lacks any substantial connection to New York, the motion court properly exercised its discretion in concluding that retention of the action in New York would not be in the interest of substantial justice (*see Islamic Republic v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108). Contrary to plaintiffs' assertion, even if defendant maintained its headquarters in New York, that alone would not require the conclusion that New York is an appropriate forum (*see e.g. Chawafaty v Chase Manhattan Bank*, 288 AD2d 58, *lv denied* 98 NY2d 607).

We modify only to condition the forum non conveniens dismissal upon the tolling of the limitations period during the pendency of the New York action (*see* CPLR 327 [a]). Concur— Mazzarelli, J.P., Andrias, Saxe, Sullivan and Rosenberger, JJ.